BOARD OF COUNTY ROAD COMMISSIONERS OF WAYNE
COUNTY *v.* CITY OF LINCOLN PARK.

1. HIGHWAYS AND STREETS—CITY MAY NOT APPROPRIATE MONEY FOR
CONSTRUCTION OF COUNTY ROAD.
  Agreement between city council and board of county road com-
  missioners whereby city agreed to pay certain amount of cost
  of opening and paving county road through city is void; city
  having no authority to appropriate money for construction
  of county road (1 Comp. Laws 1915, § 4364, as amended by
  Act No. 369, Pub. Acts 1927).

2. SAME—MUNICIPAL CORPORATIONS—CONTROL OF STREET TAKEN
OVER AS COUNTY ROAD.
  Taking over city street as county road does not deprive city
  of reasonable control thereof (section 28, Art. 8, State Const.).

Error to Wayne; Brown (William B.), J., presid-
ing. Submitted June 11, 1930. (Docket No. 117,
Calendar No. 35,076). Decided October 3, 1930.

Assumpsit by the Board of County Road Com-
missioners of Wayne county against the City of
Lincoln Park under a contract to improve Fort
street. From directed verdict and judgment for
defendant, plaintiff brings error. Affirmed.

*Elmer G. Rice* and *John C. Jacoby,* for plaintiff.

*Frank G. Mixter* (*Frank B. Ferguson,* of counsel),
for defendant.

CLARK, J. Having consent of the common council
of the city of Lincoln Park, the board of county road
commissioners of Wayne county took over as a
county road Fort street of the city from the line

between the city of Detroit and the city of Lincoln Park thence southerly nearly three miles to the south limits of the latter city. Discussion relative to improving the road led to the adoption of the following resolution by the common council of Lincoln Park on October 31, 1927:

"Resolved that the city of Lincoln Park pay to the county treasurer of Wayne county for the board of county road commissioners of the county of Wayne the sum of six hundred thousand dollars ($600,000); said amount to be paid March 1, 1928, in full for completion of the following work and in full compensation thereof:

"(1) The opening of Fort street as a two hundred and four (204) foot highway throughout the city of Lincoln Park.

"(2) The construction of two forty foot pavements with curb and drainage structures including all grading, necessary therefor, and including the removal of any existing concrete pavements which may be required in connection with the new construction from Pepper road to the southerly limits of the city of Lincoln Park.

"(3) The installation of a six-inch cast iron pipe water line with valves and fittings along the west side of Fort street from Pepper road to the southerly limits of the city of Lincoln Park; city to furnish hydrants; installation to be done by the board of county road commissioners.

"(4) The construction of a new sanitary sewer in the alley west of Fort street to replace the old sewer which will be abandoned by reason of the new construction.

"(5) The replacement of all old sidewalks by new upon the new setback line, said sidewalks to be at least six feet in width.

"(6) The placing of the fire alarm and police signal telegraph cable on Fort street.

"It is distinctly understood that the board of county road commissioners of Wayne county shall promptly proceed to the completion of said work.

"This resolution and the acceptance thereof by the board of county road commissioners shall abrogate all prior agreements entered into between the board of county road commissioners and the city of Lincoln Park *re* Fort street."

The board of county road commissioners accepted by resolution the above resolution of the common council and thereafter did nearly all of the work. The road, it seems, is a superhighway. The city did not pay on March 1, 1928, nor afterward. This suit followed.

The declaration is on the resolution of the common council and the resolution of acceptance by plaintiff road commission as constituting a binding contract, and upon this, with averment of performance by plaintiff, a judgment for the full amount is claimed. There was judgment for defendant on directed verdict. Plaintiff brings error.

Of taking over a city street as a county road section 4364, 1 Comp. Laws 1915, as amended (Act No. 369, Pub. Acts 1927), provides in part:

"That where any such street shall be taken over as a county road and is improved as such, city and village authorities shall have the right to further improve such road by surfacing the same outside the portion thereof constructed by the county and by the addition of gutters, curbs, sidewalks, and other improvements, and to provide for the care and maintenance of such improvements, and to levy and collect taxes for the same * * *. After service and publication of such notice, the board of county road commissioners shall have sole and exclusive jurisdiction and control of such road so embraced within such determination, and the township or

municipality within which the same is situated shall be relieved from all responsibility therefor.''

This highway being a county road the city was responsible for no part of the pavement. The city had the right to surface outside of the pavement, and to put in curbs, gutters, and sidewalks.

Taking over the street as a county road does not deprive the city of reasonable control of its streets under section 28, art. 8, State Constitution. *Allen* v. *Rogers*, 246 Mich. 501. It is not contended that the agreement between the members of the council and the commission was merely to make such improvement to the county road as the city had a right to make. The chief items for which the city was to pay $600,000 ''in full compensation thereof'' were the opening of the highway and the construction of the pavement itself.

We are cited to no law permitting a city to contribute of its funds toward opening and paving a county road.

The averred agreement is void and there can be no recovery upon it.

That the agreement is also void because the amount of it exceeded the tax limit and the bond limit under the city charter (section 3307, 1 Comp. Laws 1915, as amended) are questions unnecessary to decision.

Affirmed.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.