REA v CITY OF INKSTER

1. Municipal Corporations—County Roads—Improvements—Cost of Improvements—Statutes.

    A municipal corporation may contribute to the cost of improving a primary county road within the municipality's corporate limits (MCLA 247.663[f]; MSA 9.1097[13] [f]).

2. Municipal Corporations—County Roads—Improvements—Cost of Improvements—Special Assessments—Statutes.

    A municipal corporation may irrevocably pledge funds received from any source and may borrow money and issue bonds for the purpose of providing funds to meet its share of the cost of improvement of a county primary road within the municipality; such costs may be paid from the municipality's general fund or from the levy of special assessments (MCLA 247.668d; MSA 9.1097[18d]).

Appeal from Wayne, Roland L. Olzark, J. Submitted November 8, 1976, at Detroit. (Docket No. 24274.) Decided December 9, 1976. Leave to appeal applied for.

Complaint by Jack G. Rea, for himself and on behalf of others similarly situated, against the City of Inkster to enjoin the city from collecting and enforcing a special assessment and to enjoin the city from spending city funds for improvement of a county primary road. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Lampert & Fried* (by *David M. Fried* and *Gary E. Levitt*), for plaintiffs.

References for Points in Headnotes

[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 203.

[2] 39 Am Jur 2d, Highways, Streets, and Bridges § 122 *et seq.*

*Harrison & Friedman, P. C.,* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and BEAS-
LEY, JJ.

T. M. BURNS, J. This case was submitted by the
parties to the trial court for decision upon briefs
and oral arguments, the facts not being in dispute.

In 1972, the Inkster City Council created special
assessment districts for improving a portion of
Middlebelt Road, a primary county road main-
tained by Wayne County. The total estimated cost
of the improvement was $1,870,000, 40 percent of
which would be contributed by the City of Inkster.
Approximately one-third of the city's share of the
cost was apportionable to and assessed against
privately owned lands specially benefitted by the
improvement.

Plaintiffs commenced the instant suit as a class
action on behalf of all persons assessed by the
defendant to contribute to the city's share of the
cost of improving the road. Plaintiffs sought to
enjoin the defendant from collecting and enforcing
the special assessments and to enjoin the defend-
ant from spending city funds for the improvement
of Middlebelt Road. Plaintiffs alleged that defend-
ant had no authority to spend its general funds or
to specially assess property owners for the costs of
improving a county primary road.

On March 10, 1975, the trial court ordered that
judgment be entered in favor of the defendant and
that the complaint be dismissed. The court found
that MCLA 247.663(f); MSA 9.1097(13)(f) specifi-
cally provides that a city or village may enter into
an agreement with a county road commission or
the state highway commission for the performance
of work on any road or street within or adjacent to
the municipality and that such an agreement may

provide for joint participation in the cost of such work. The trial court also held that the defendant was authorized to spend general funds and specially assess property owners for the cost of improving the road. Plaintiffs appeal from the judgment as of right.

The first issue raised by the plaintiffs, whether a city may contribute to the costs of improving a portion of a county primary road within its corporate limits, is answered by statute. MCLA 247.663(f); MSA 9.1097(13)(f) provides in pertinent part as follows:

"Incorporated cities and villages may provide for consolidated street administration and cities and villages may enter into agreements with the county road commission and with the state highway commission for the performance of street or highway work on any road or street within the limits of the city or village or adjacent thereto * * * and such agreements may provide for joint participation in the costs where appropriate." See, also, MCLA 247.662(i); MSA 9.1097(12)(13).[1]

Plaintiffs also contend that, even if a city may contribute to the costs of improving a county primary road, there is no statutory authority for the expenditure of the city's general funds or the levying of special assessments to meet such costs. Plaintiffs assert that MCLA 247.668d; MSA 9.1097(18d) limits to certain kinds of funds those sources from which a governmental unit may pay its share of highway construction costs.

Unfortunately, none of the briefs filed in this case addresses the question whether a statutory grant of authority for a municipal corporation to

[1] The holding of the Court in *Board of County Road Commissioners of Wayne County v Lincoln Park*, 251 Mich 582; 232 NW 363 (1930), by its very wording, does not apply when positive legislation is in force.

pay its share of such costs from particular funds is necessary. Plaintiffs assume without argument that such positive statewide legislation is necessary. Further weakening plaintiffs' position is their failure to point out legislation which clearly prohibits a municipal corporation from doing what the defendant did in this case.

What is clear is that a municipal corporation may participate with certain other governmental entities in the performance of street or highway work on any road or street within or adjacent to the municipality. MCLA 247.663(f), *supra.* It is also clear that a municipal corporation may, in meeting its share of the cost of such improvements, irrevocably pledge funds received from any source and may borrow money and issue bonds for the purpose of providing funds for such projects. MCLA 247.668d, *supra.* We have been directed to no statute which prohibits a municipal corporation from paying such costs out of its general fund or from special assessment levies.

Defendant's legislative body directed that payments be made from the general fund and from levying special assessments. This action was in accordance with the city charter, consonant with applicable statutes, and unrestricted by any constitutional or statutory provision.

Affirmed.